**SO ORDERED.**
**SIGNED this 7th day of January, 2014**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

/s/ Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

DARRYL WAYNE JOHNSON

　　　　Debtor

Case No.  13-31090

FIRST HERITAGE CREDIT OF
TENNESSEE, LLC

　　　　Plaintiff

v.

DARRYL WAYNE JOHNSON

　　　　Defendant

Adv. Proc. No. 13-3052

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION TO DISMISS**

　　　This adversary proceeding is before the court upon the Complaint filed by the Plaintiff on June 21, 2013, seeking a judgment in the amount of $4,165.48 together with post-judgment interest, costs, and attorneys' fees, and a determination under 11 U.S.C. § 523(a)(2) (2006) that the judgment

is nondischargeable.  In conjunction with the filing of this adversary proceeding, a Summons was issued by the clerk on June 24, 2013.  Thereafter, on October 4, 2013, the court issued an Order directing the Plaintiff to appear and show cause why the adversary proceeding should not be dismissed for failure to prosecute.  On October 25, 2013, the Plaintiff filed a Certificate of Service certifying that the Summons and a copy of the Complaint were served on the Defendant on June 25, 2013.  The Plaintiff then filed a Motion for Default Judgment on October 29, 2013.  In response, the Defendant, on November 20, 2013, filed the Defendant's Response to Motion for Default Judgment and Defendant's Motion to Dismiss (Motion to Dismiss), together with an accompanying brief, arguing that the Plaintiff did not properly serve the Complaint within the 120 days set forth under Rule 4(m) of the Federal Rules of Civil Procedure because it did not serve the Defendant's attorneys with the Summons and Complaint as required by "Bankruptcy Rule 7004(b)(9)."  The Plaintiff did not file a response to the Defendant's Motion to Dismiss and therefore, pursuant to E.D. Tenn. LBR 7007-1(a), the Plaintiff's "failure to respond timely will be construed to mean that the [Plaintiff] does not oppose the relief requested by the [Motion to Dismiss]."

Rule 7004 of the Federal Rules of Bankruptcy Procedure, governing service of process in adversary proceedings, allows, under subsection (b), service of the Summons and Complaint upon the Debtor by first class mail postage prepaid "by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing."  FED. R. BANKR. P. 7004(b)(9).  Additionally, "[i]f the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) [of the Federal Rules of Civil

2

Procedure]." FED. R. BANKR. P. 7004(g). Although Rule 5(b) authorizes service of process via electronic means, it is under the condition that "the person consented in writing[,]" FED. R. CIV. P. 5(b)(2)(E), and the Administrative Procedures for Electronic Case Filing for the Eastern District of Tennessee expressly provides that "[r]egistration as a Registered User constitutes . . . waiver of the right to service by personal service or first-class mail and consent to electronic service, *except* with regard to service of a summons and complaint under Fed. R. Bankr. P. 7004[.]" E.D. TENN. ADMIN. PROCS. at ¶ II.C.2 (emphasis added). Taken together, these Rules and procedures "unambiguously provide[] that service of process upon a debtor is not sufficient unless both the debtor and his attorney are served with the summons and a copy of the complaint." *Dreier v. Love (In re Love)*, 232 B.R. 373, 377 (Bankr. E.D. Tenn. 1999). Because "the requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (citation omitted), "[a]nything short of strict compliance . . . is insufficient[.]" *Love*, 232 B.R. at 377.

There is no question that the Plaintiff failed to properly serve the Defendant on June 25, 2013, because it did not also serve the Defendant's attorneys with the Complaint and Summons in compliance with Rule 7004(g) and Local Administrative Procedures. Even if the Defendant's attorneys received electronic notice of the Complaint and Summons, actual knowledge of the adversary proceeding is not a substitution for service of process, nor does it cure "technically defective service of process" effectuated by the Plaintiff. *See LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999). Accordingly, only the issuance and service of an alias summons

3

together with the Complaint upon the Defendant and his attorneys could potentially cure the defective service made on June 25, 2013.

Nevertheless, as argued by the Defendant in the Motion to Dismiss, the Plaintiff has not obtained service within the scope of Rule 4 of the Federal Rules of Civil Procedure, which states, in material part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion . . . – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  FED. R. CIV. P. 4(m).  Simply stated, upon motion, a court "shall either (1) dismiss a complaint without prejudice, or (2) direct that service be effected within a specified time, if a plaintiff fails to serve a summons and complaint within 120 days after filing the complaint." *Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 406 (S.D. Ohio 2003).  The court has equal discretion to dismiss or extend time unless a plaintiff proves good cause for the delay, in which case, an extension is required.  *Little v. Nationwide Children's Hosp., Inc.*, 2009 WL 4261215, at *1, 2009 U.S. Dist. LEXIS 109991, at *3-4 (S.D. Ohio Nov. 25, 2009); *see also Williams v. Smith*, 1999 WL 777654, at *1, 1999 U.S. App. LEXIS 23202, at *3-4 (6th Cir. Sept. 17, 1999) (holding that the plaintiff bears the burden of evidencing good cause, but whether good cause exists is left to the court's discretion.).  In making its determination concerning good cause, the court should consider "whether the plaintiff made a reasonable and diligent effort to effect service." *Russell v. Goins (In re Goins)*, No. 05-5055, 2006 Bankr. LEXIS 1581, at *13, 2006 WL 2089922, at *2 (Bankr. E.D. Tenn. July 6, 2006).  However,

"[m]istake of counsel or ignorance of the rules is not enough to establish good cause." *Massey v. Hess*, 2006 WL 2370205, at *4, U.S. Dist. LEXIS 57963, at *12 (E.D. Tenn. Aug. 14, 2006).

Because the Defendant received a discharge on August 22, 2013, the court must consider as a factor that dismissal will be with prejudice because, under Rule 4007 of the Federal Rules of Bankruptcy Procedure, "a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c) [for debts specified under, *inter alia*, § 523(a)(2)] shall be filed no later than 60 days after the first date set for the meeting of creditors[.]" FED. R. BANKR. P. 4007(b). Nevertheless, the Plaintiff has chosen not to defend the Motion to Dismiss filed by the Defendant, nor has it chosen to provide the court with any argument or proof that good cause exists to extend the time for it to obtain proper service of process. In fact, the record reflects that the Plaintiff has acted anything but diligently in the prosecution of this adversary proceeding, and the court finds good cause does not exist to extend the time for it to properly serve the Defendant and his counsel. The Plaintiff filed its Complaint on June 21, 2013, but did not request issuance of a Summons until June 24, 2013. The Plaintiff then took no action with respect to this adversary proceeding, prompting the court, 102 days after the Summons was issued, to issue a show cause Order on October 4, 2013. Three weeks later, on October 25, 2013, the Plaintiff filed a return of the Summons, reflecting that it had mailed the Summons and Complaint to the Defendant, but not to the Defendant's attorneys, on June 25, 2013. The Plaintiff then, on October 29, 2013, filed a Motion for Default Judgment based upon the improperly served Summons, which was subsequently denied by the court at a hearing held on November 21, 2013, which was 150 days after the Summons was originally issued. Finally, as previously stated, the Plaintiff has filed no response or otherwise acted with respect to the Motion

to Dismiss, an action which the court construes, under the Local Rules, to mean that the Plaintiff does not oppose the requested relief.

The Defendant's Motion to Dismiss is well-taken and is granted. The Complaint filed by the Plaintiff on June 21, 2013, is dismissed.

###